S. G. OWENS, The (WEAVER v.). See Case No. 17,310

SHACKELFORD (MURDOCK v.). See Case No. 9,937.

SHACKELFORD (UNITED STATES v.). See Cases Nos. 16,260 and 16,261.

SHACKFORD (UNITED STATES v.). See Cases Nos. 16,262 and 16,263.

## Case No. 12,691.

### The SHADY SIDE.

[8 Ben. 424.] [1]

District Court, E. D. New York. May, 1876. [2]

COLLISION AT PIER—FOG—SPEED.

The steam tug M. backed from a bulkhead out into a slip in the East river alongside of a brig which was lying alongside of the pier at one side of the slip, to take her in tow. The morning was foggy. The steamboat S., coming up the East river near the piers, miscalculated her position and ran into the M. which was at the time inside of the end of the piers. *Held*, that the S. was running at too great a rate of speed in the fog, and was out of her proper place, and that she was responsible for the damages.

This was a libel by George S. Townsend, owner of the steam tug Mary, to recover the

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

2 [Modified in Case No. 12,692.]

damages sustained by her in a collision with the steamboat Shady Side, which occurred on the 16th of March, 1875. The libel alleged, that the tug was in a slip in the East river between the foot of Jackson and the foot of Gouverneur streets, in New York City; that she backed from the bulkhead to come alongside of a brig which was lying on the lower side of the Jackson street pier, for the purpose of taking her in tow; and that the Shady Side came up the East river close to the Gouverneur street pier, and, instead of keeping on up the river, headed into the slip and struck the port side of the tug, head on, injuring her so that she sank. The answer alleged, that the morning was very foggy, so that it was not safe for the Shady Side, as she was bound on a regular trip from Fulton street to Morrisania, to keep the middle of the river, on account of the danger of meeting ferry-boats; that, accordingly, she was running slowly up the river near the New York piers, keeping a good lookout and blowing her whistle, when suddenly a tug was seen backing rapidly out of the slip in question; and that the tug backed across the bows of the Shady Side and was struck by her before the Shady Side could, with all diligence, be stopped.

Beebe, Wilcox & Hobbs, for libelant.
D. & T. McMahon, for claimant.

BLATCHFORD, District Judge. I deem it satisfactorily established that the tug was not, as to any part of her, outside of the end of the Jackson street pier at any time prior to the collision. The testimony of the witness Pearson, on the Martha, is more reliable than that of any of the witnesses on the part of the steamboat, and his evidence, added to that of the other witnesses for the libelant, is controlling on that point. That being so, the tug was entirely out of the way of any course which the steamboat was entitled to take or was intending to take, and was without fault. She was in a position which gave to her the benefit of the rule established in the cases of The Granite State, 3 Wall. [70 U. S.] 310, and The Bridgeport, 14 Wall. [81 U. S.] 116. The steamboat was proceeding at too great speed in the fog, and manifestly did not know where she was with accuracy. She was heading in for the piers, but, in the fog, she headed in at a greater angle than she supposed she was making. She thought she was heading for a point outside of the end of the Jackson street pier, while, in fact, at the time she discovered the tug ahead of her, she was heading further inshore. The result was, that she hit the tug when the tug was inside of the end of the Jackson street pier.

The libelant must have a decree, with a reference to ascertain the damages sustained by him.

[NOTE. A decree was entered for $7,616.05, from which the claimant appealed to the circuit

court. The decree of this court was modified by allowing the libelant $3,500, as the value of the tug at the time of the collision. The libelant was allowed costs in this court, but the costs in the circuit court were divided. Case No. 12,692.]